Entered on Docket
January 07, 2015
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**FILED**

**NOT FOR PUBLICATION**

NOV 06 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: 3DFX INTERACTIVE, INC., a California corporation,<br><br>Debtor,<br><br>———<br><br>WILLIAM A. BRANDT, Jr., Trustee,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>NVIDIA CORPORATION, a Delaware corporation; NVIDIA US INVESTMENT COMPANY, a Delaware corporation, FKA Titan Acquisition Corp. No. 2,<br><br>Defendants - Appellees. | No. 11-15189<br><br>D.C. No. 5:08-cv-04634-RMW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted October 8, 2014
San Francisco, California

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

William Brandt, the trustee of the estate of 3dfx Interactive, a California-based manufacturer of graphics processing units, appeals from the district court's judgment affirming the bankruptcy court's determination that NVIDIA did not pay less than fair market value for assets purchased from 3dfx shortly before 3dfx filed for bankruptcy. We have jurisdiction under 28 U.S.C. § 158(d). We review the bankruptcy court's legal conclusions de novo and its factual determinations for clear error. *Decker v. Tramiel*, 617 F.3d 1102, 1109 (9th Cir. 2010). We affirm.

As a threshold matter, we retain jurisdiction over this case even after the Supreme Court's decision in *Executive Benefits Insurance Agency v. Arkison*, 134 S. Ct. 2165 (2014). *Arkison* did not disturb our prior precedent that the parties' consent permits a bankruptcy court to hear and decide so-called *Stern* claims. *See Mastro v. Rigby*, 764 F.3d 1090, 1093–95 (9th Cir. 2014). Here, the parties did not argue below, and have not argued here, that jurisdiction was improper. Thus the bankruptcy court had jurisdiction to enter final judgment on Brandt's claim, and the district court and this court have jurisdiction over Brandt's appeal.

Brandt argues that 3dfx's transfer of assets to its competitor NVIDIA was a fraudulent conveyance. He contends that NVIDIA obtained 3dfx's assets without paying reasonably equivalent value, leaving 3dfx insolvent. In particular, he argues that NVIDIA itself valued the transaction at $108 million, not the $70

2

million it paid; and that the higher estimate was justified, as NVIDIA acquired 3dfx's graphics business and its workforce, as part of the asset sale, in the transaction. We disagree.

First, the bankruptcy court did not err in holding that NVIDIA's declaration, on a form filed with the Department of Justice and the Federal Trade Commission, that the transaction was worth $108 million, did not estop NVIDIA from claiming that the value of the transferred assets was less than $70 million. The relevant regulations require disclosure of "the fair market value of the assets, *or*, if determined and greater than the fair market value, *the acquisition price*." 16 C.F.R. § 801.10(b) (emphasis added). Neither NVIDIA's disclosure nor the bankruptcy court's initial order estopped NVIDIA from claiming that the fair market value of the assets was $70 million or less.

Second, the bankruptcy court did not err in concluding that 3dfx did not transfer its graphics business and its associated workforce to NVIDIA. The bankruptcy court's finding that a graphics chip business was not transferred is amply supported by the record. Its conclusion that 3dfx did not transfer its workforce is supported by the record and our precedent: the purchase agreement did not make payment contingent on hiring 3dfx engineers, and the fact that many 3dfx engineers subsequently joined NVIDIA does not require a contrary result.

*See Atchison, Topeka & Santa Fe Ry. Co. v. Brown & Bryant, Inc.*, 159 F.3d 358, 365 (9th Cir. 1998).

Finally, Brandt's arguments involving procedural irregularities at trial are unavailing. The bankruptcy court's decision to exclude Brandt's proposed rebuttal expert witnesses was not an abuse of its discretion. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105–07 (9th Cir. 2001). Brandt was not prejudiced by the bankruptcy court's order temporarily closing proceedings to the public.

**AFFIRMED.**

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1)    A.    **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
    ▶ A material point of fact or law was overlooked in the decision;
    ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
    ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

        B.    **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

- ▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ▶ The proceeding involves a question of exceptional importance; or
- ▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
    - ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; St. Paul, MN 55164-0526 (Attn: Jean Green, Senior Publications Coordinator);
    - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

Form 10. Bill of Costs ...........................................................................................................(Rev. 12-1-09)

# United States Court of Appeals for the Ninth Circuit

## BILL OF COSTS

This form is available as a fillable version at:
http://cdn.ca9.uscourts.gov/datastore/uploads/forms/Form%2010%20-%20Bill%20of%20Costs.pdf.

*Note:* If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

[_____] v. [_____]    9th Cir. No. [____]

The Clerk is requested to tax the following costs against: [_____]

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED (Each Column Must Be Completed) | | | | ALLOWED (To Be Completed by the Clerk) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| **Excerpt of Record** | | | $ | $ | | | $ | $ |
| **Opening Brief** | | | $ | $ | | | $ | $ |
| **Answering Brief** | | | $ | $ | | | $ | $ |
| **Reply Brief** | | | $ | $ | | | $ | $ |
| **Other**\*\* | | | $ | $ | | | $ | $ |
| | | | TOTAL: | $ | | | TOTAL: | $ |

\* *Costs per page*: May not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.

\*\* *Other*: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to 9th Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys' fees **cannot** be requested on this form.

*Continue to next page*

**Form 10. Bill of Costs -** *Continued*

I, [                    ] , swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature [                    ]

("s/" plus attorney's name if submitted electronically)

Date [                    ]

Name of Counsel: [                    ]

Attorney for: [                    ]

---

*(To Be Completed by the Clerk)*

Date [                    ]          Costs are taxed in the amount of $ [                    ]

Clerk of Court

By: [                    ] , Deputy Clerk